

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL VILLANUEVA GONZALEZ,<br><br>        Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Sr. Warden, OMDC, et al.,<br><br>        Respondent. | Case No.: 26cv3180-LL-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>[ECF No. 9] |

Before the Court is Petitioner Juan Manuel Villanueva Gonzalez's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that he is wrongfully detained under 8 U.S.C. § 1225(b)(2). ECF No. 9 ("Pet."). Mr. Villanueva Gonzalez alleges that his arrest without a warrant issued prior to his arrest render his arrest and detention unauthorized under 8 U.S.C. § 1226(a) and that he should be immediately released. *Id.* at 8–10; ECF No. 12.

The government filed a Return stating that it does not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). ECF No. 11. However, the government opposes the request for immediate release and attached a copy

of an administrative warrant issued on the day of Mr. Villanueva Gonzalez's arrest. ECF No. 11-1; ECF No. 12 at 3.

The Court finds immediate release is not warranted because 8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody. Therefore, the Court finds a bond hearing is the appropriate remedy. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025).

Accordingly, the Court **ORDERS** as follows:

1. Mr. Villanueva Gonzalez's Amended Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART**.

2. The government shall provide Mr. Villanueva Gonzalez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **fourteen days** of the date of this order, unless Mr. Villaneuva Gonzalez requests a continuance.[1]

   a. At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

   b. The immigration judge **SHALL** consider alternative conditions of release and Mr. Villanueva Gonzalez's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

   c. If requested by Mr. Villanueva Gonzalez, the government **SHALL** assist him in obtaining the audio recording of the bond hearing.

---

[1] In a bond hearing under 8 U.S.C. § 1226(a), the burden is on the detainee to demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citation omitted).

*Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)).

3.      The Clerk of Court shall enter judgment in Mr. Villanueva Gonzalez's favor and close this case.

**IT IS SO ORDERED**.

Dated:  July 17, 2026

_____

Honorable Linda Lopez
United States District Judge